```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


STEVE BAKER,                    §
                                §
     Plaintiff,                 §
                                §
v.                              §    CIVIL ACTION NO. H-12-2241
                                §
TEXAS DEPARTMENT OF CRIMINAL    §
JUSTICE, et al.,                §
                                §
     Defendants.                §
```

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant Brad Livingston's ("Livingston") Motion for Judgment on the Pleadings (Doc. 22).[2] The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant Livingston's motion be **DENIED**.

## I.  Case Background

Plaintiff, who is an inmate with hearing and speaking disabilities, filed this lawsuit on July 26, 2012, against the state prison system, its executive director, and five prison

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 35.

[2] Also pending is Defendants Texas Department of Criminal Justice, Frank Szymcak ("Szymcak"), Elton S. Sims ("Sims"), David Kramer ("Kramer"), and Daniel Melchor's ("Melchor") Motion for Summary Judgment (Doc. 30). Plaintiff requested and received an extension of time to respond to the summary judgment motion; the response is due by May 10, 2013. See Doc. 31, Pl.'s Unopposed Mot. for Extension of Time to Resp.; Doc. 33, Order Dated Mar. 25, 2013.

officers for violating Plaintiff's rights under the Americans with Disabilities Act[3] ("ADA"), Rehabilitation Act[4] ("RA"), and the Due Process Clause of the U.S. Constitution.[5]

Plaintiff alleged that Defendant Texas Department of Criminal Justice ("TDCJ") violated the RA and ADA by failing to provide reasonable accommodations for his hearing loss during disciplinary hearings and consistently failing to provide closed captioning on its televisions.[6] Plaintiff alleged that the five officers, in their individual capacities, violated the Due Process Clause by failing to allow the use of notes, his only method of communication, at his disciplinary hearings.[7] Plaintiff also alleged that Defendant Livingston, in his official capacity, violated Plaintiff's due process rights by prohibiting him from meaningfully participating in the hearings.[8]

Defendant Livingston filed an answer on August 22, 2012, and filed the pending motion for judgment on January 4, 2013.[9] Within two weeks of the filing of Defendant Livingston's motion, Plaintiff

---

[3]   42 U.S.C. § 12132.

[4]   29 U.S.C. § 794.

[5]   See Doc. 1, Pl.'s Original Compl.

[6]   See id. pp. 8-9.

[7]   See id. p. 10.

[8]   See id.

[9]   See Doc. 8, Defs. Livingston, Szymcak, Kramer, and Melchor's Answer; Doc. 22, Def. Livingston's Mot. for J. on the Pleadings.

filed a motion for leave to amend his complaint, seeking, "out of an abundance of caution, to clarify his claims and correct alleged technical defects against [Defendant] Livingston" in response to Defendant Livingston's motion.[10]  The court granted leave.[11]

Plaintiff's amended complaint, in addition to making minor edits and corrections, clarified that he is seeking injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 ("Section 1983") and Ex Parte Young, 209 U.S. 123 (1908), against Defendant Livingston in his official capacity for ongoing violations of Plaintiff's due process rights.[12]  Plaintiff also added the allegation that Defendant TDCJ had a "custom and practice" of allowing employees "to arbitrarily refuse to accommodate prisoners' hearing disabilities during disciplinary hearings."[13]

The court considers Defendant Livingston's motion for judgment on the pleadings in light of Plaintiff's amended complaint.

## II.  Legal Standard

Pursuant to Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough in the litigation not to delay trial.  The same standard is used in considering a motion for judgment on the pleadings as is used in

---

[10]   Doc. 23, Pl.'s Unopposed Mot. for Leave to File Am. Compl. p. 2.

[11]   See Doc. 24, Order Dated Jan. 17, 2013.

[12]   Doc. 25, Pl.'s 1st Am. Compl. pp. 1, 11.

[13]   Id. p. 5.

considering a Rule 12(b)(6) motion to dismiss.  <u>Gentilello v. Rege</u>, 627 F.3d 540, 543-44 (5th Cir. 2010).

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  <u>Harold H. Huggins Realty, Inc. v. FNC, Inc.</u>, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully."  <u>Iqbal</u>, 556 U.S. 678.

### III. Analysis

Defendant Livingston challenges Plaintiff's Section 1983 claim

on the basis that a supervisory official may be held liable only if he affirmatively participates in the unconstitutional conduct or if he implements an unconstitutional policy that causes the plaintiff's injury.  Defendant Livingston contends that Plaintiff has not presented allegations to support either basis for liability.

Plaintiff originally pled, clarified in his amended complaint, and reiterated in his response to this motion that he is not suing Defendant Livingston in his individual capacity.  That is, he is not asserting that Defendant Livingston was personally involved in the alleged constitutional violations and is not suing him or Defendant TDCJ for damages.  Rather, Plaintiff is suing Defendant Livingston in his official capacity as executive director of Defendant TDCJ to effectuate a departmental policy change.

Under circumstances such as these, a state official may be sued in his official capacity for prospective injunctive relief. See Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n, 662 F.3d 336, 340 n.5 (5th Cir. 2011)(citing Ex Parte Young, 209 U.S. at 159-60).  Ex Parte Young fashioned this exception to Eleventh Amendment immunity.  Ex Parte Young, 209 U.S. at 159-60; see also Walker v. Livingston, 381 Fed. App'x 477, 479 (5th Cir. 2010)(unpublished)(indicating Young also allows prospective declaratory relief).

As noted by both parties, a suit against an official in his official capacity is the same as a suit against the governmental

5

entity.  See Hafer v. Melo, 502 U.S. 21, 25 (1991).  A governmental entity cannot be held vicariously liable; therefore, a plaintiff must plead a custom or policy that resulted in the constitutional injuries alleged.  See id.; Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).

In Plaintiff's amended complaint, he alleged that Defendant Livingston, as executive director of Defendant TDCJ, "is responsible for protecting the constitutional rights of all persons held in TDCJ custody."[14]  Plaintiff also added the allegation, absent from his original complaint, that Defendant TDCJ has a "custom and practice" of allowing its officers "to arbitrarily refuse to accommodate prisoners' hearing disabilities during disciplinary hearings."[15]  According to Plaintiff's live pleading, the violations are ongoing.  Thus, he seeks both a declaration that the lack of any accommodation for hearing loss at disciplinary hearings violates the Due Process Clause and an injunction requiring Defendant TDCJ to provide a reasonable accommodation.[16]

Plaintiff's amended complaint clearly states a Section 1983 claim that fits within the framework of Ex Parte Young, Hafer, and Monell.  Plaintiff's Section 1983 claim against Defendant Livingston, in his official capacity, for declaratory and

---

[14]   Doc. 25, Pl.'s 1st Am. Compl. p. 2.

[15]   Id. p. 5.

[16]   See id. p. 11.

injunctive relief should not be dismissed.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 25th day of April, 2013.

Nancy K. Johnson
United States Magistrate Judge